JAMES M. NELSON (State Bar No. 116442)
THOMAS A WOODS (State Bar No. 210050)
SARAH W. ASPLIN (State Bar No. 260851)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 90071-3048
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
nelsonj@gtlaw.com, woodsto@gtlaw.com
asplins@gtlaw.com

Attorneys for Defendants SMITHKLINE BEECHAM
CORPORATION and GEORGE CARLSON

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLS BRAD PATRI and CASSY PATRI, | CASE NO.: 2:09-CV-01980-GEB-EFB |
| Plaintiff, | **STIPULATION AND ORDER TO REMAND** |
| v. | |
| SMITHKLINE BEECHAM CORPORATION, GLAXOSMITHKLINE, GEORGE CARLSON, DOES 1 to 50, | Complaint Filed:  May 5, 2009<br>First Amend. Compl:  July 8, 2009 |
| Defendants. | |

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs Mills B. Patri and Cassy Patri, and Defendants SmithKline Beecham Corporation and George Carlson (the "Parties"), by and through their respective counsel of record, hereby and do stipulate and agree to an Order of Remand in the above-captioned action, to the Superior Court for the State of California, County of Sacramento. The Parties state that good cause exists for an Order of Remand based on the following:

1. On May 5, 2009, Plaintiffs filed and served the Complaint in this action against Defendants, within which Plaintiffs alleged exhaustion of administrative remedies and Plaintiff Mr. Patri's possession of "right-to-sue" letters as to Defendants, including George Carlson. The

1. Complaint did not allege specific dates for exhaustion and did not attach the "right-to-sue" letters referred to in the Complaint.

2. Defendants made a California Public Records Act ("PRA") request to the California Department of Fair Employment and Housing ("DFEH") requesting, among other things, any and all documents in DFEH's possession related to charges filed by Mr. Patri against either Defendant.

3. In response to Defendants' PRA request, DFEH certified that there were no records in its possession in the entire State that were responsive to Defendants' PRA request. Thereafter, Plaintiffs filed and served their First Amended Complaint, within which Plaintiffs did not alter their allegations as to exhaustion of administrative remedies and did not attach "right-to-sue" letters.

4. Defendants assert that their position was, based on their investigation and the information provided to them by DFEH, that the only alleged resident Defendant in the case, Mr. Carlson, had not had an administrative charge filed against him by Mr. Patri with DFEH, as evidenced by DFEH's report that it had no records of Plaintiff filing a complaint with the Agency anywhere in the State.

5. On that basis, Defendants maintain that they asserted that Mr. Carlson had been fraudulently joined given Mr. Patri's failure to exhaust administrative remedies as to Mr. Carlson. Further, Defendants' position was that, based on the DFEH's certification of no records demonstrating that Mr. Patri had actually exhausted administrative remedies as to any of his claims against Mr. Carlson, removal of the case based on diversity jurisdiction and improper joinder of the alleged resident Defendant was proper.

6. Defendants removed the case on July 17, 2009.

7. Before removing the case, Defendants' counsel did not call Plaintiff's counsel to inquire further into the issue of whether Mr. Patri had exhausted his administrative remedies with DFEH.

8. On July 21, counsel for Plaintiffs contacted counsel for Defendant and informed counsel for Defendant that DFEH "right-to-sue" letters could be provided, and counsel offered

1 further information concerning Mr. Patri's charges to DFEH. Counsel for Plaintiffs faxed DFEH complaints and right-to-sue notices the morning of the parties' call.

9. Following this call with Plaintiffs' counsel and armed with complaint numbers, counsel for Defendant inquired again with DFEH, and DFEH verified that its original certificate of "no records" (signed by one of the same DFEH employees who signed Mr. Patri's "right-to-sue" letters months earlier) was in error. DFEH admitted that it did, in fact, have files in its possession related to Mr. Patri and copies of administrative complaints filed in his cases against SmithKline Beecham Corporation and George Carlson. Counsel for Defendant thereafter received and reviewed the complaints and "right-to-sue" letters from counsel for Plaintiff and DFEH.

10. Upon further discussion with Plaintiffs' counsel, and after review of the recently received documentation of Plaintiffs' administrative complaints filed with DFEH, Defendants agree that (in light of DFEH's recantation of the earlier representation that no administrative charge had been filed) the document on which Defendants originally relied as providing the basis for removal is unlikely to dissuade the Court that remand is appropriate. Defendants do not concede Plaintiff exhausted administrative remedies, nor do they concede that subsequently obtained documents will fail to disclose that Mr. Carlson was fraudulently joined. Defendants do acknowledge that the compromise of the DFEH PRA request leaves them without a document with which to carry their burden of establishing fraudulent joinder at this time.

11. The Parties agree that the Court may issue, sua sponte, an Order of Remand to the extent this information recently received by Defendants' counsel affects the substance of the stated reason for removal (i.e., the present presence of diversity jurisdiction), and not to a procedural defect in the removal itself. See *International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72, 87 (1991).

DATED: July ___, 2009                    GREENBERG TRAURIG, LLP


By:_____
James M. Nelson
Thomas A. Woods
Sarah W. Asplin

3                       Case No. 2:09-CV-01980-GEB-EFB
STIPULATION AND [PROPOSED] ORDER TO REMAND

|   |   |   |
|---|---|---|
| 1 | | Attorneys for Defendants SMITHKLINE BEECHAM CORPORATION and GEORGE CARLSON |
| 2 | | |
| 3 | | |
| 4 | DATED:  July ___, 2009 | LAW OFFICE OF JACK VETTER |
| 5 | | |
| 6 | | By:_____ |
| 7 | | Jack Vetter<br>Attorney for Plaintiffs MILLS BRAD PATRI and CASSY PATRI |
| 8 | | |
| 9 | DATED:  July ___, 2009 | LAW OFFICE OF GEORGE F. ALLEN |
| 10 | | |
| 11 | | By:_____ |
| 12 | | George F. Allen<br>Attorney for Plaintiffs MILLS BRAD PATRI and CASSY PATRI |

(Lines 13–28 blank)

4   Case No. 2:09-CV-01980-GEB-EFB
STIPULATION AND [PROPOSED] ORDER TO REMAND

1  ORDER

2      Since the Parties' stipulate that this case shall be remanded to the state court from which

3  it was removed, this action is remanded to the Superior Court for the State of California,

4  County of Sacramento.

5  Date:  8/18/09

                                      Garland E. Burrell, Jr.
6                                        United States District Judge